UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CRIMINAL DIVISION
FRANKFORT

Eastern District of Kentucky
FILED
SEP 0 4 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                INDICTMENT NO. 3:25CR12 GFVT-EBA

ZEBADIAH MURPHY and
RONALD COFFMAN

\*     \*     \*     \*     \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 18 U.S.C. § 842(a)(3)(A)

On or about March 31, 2025, in Anderson County, in the Eastern District of Kentucky,

ZEBADIAH MURPHY and
RONALD COFFMAN,

not being licensees or permittees under the provisions of Chapter 40 of Title 18 of the United States Code, knowingly transported, shipped, or caused to be transported or shipped, explosive materials, namely destructive devices, all in violation of 18 U.S.C. §§ 842(a)(3)(A) and 844(a).

### COUNT 2
### 18 U.S.C. § 922(g)(1)

On or about March 31, 2025, in Anderson County, in the Eastern District of Kentucky,

**ZEBADIAH MURPHY,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit:

1. Excam, Model GT27, caliber 25, pistol, bearing serial number M07662;

2. Marlin, Model 60W, caliber 22 LR, rifle, bearing SN: 10523205;

3. Del-Ton Inc, Model DTI-15, caliber 5.56, rifle, bearing serial number DTI-S152765;

4. Mossberg, Model 500A, 12-gauge, Shotgun, bearing SN: K772320; and

5. Radikal Arms, Model GF25, 12-gauge, shotgun, bearing serial number 23RDM-1617;

All in violation of 18 U.S.C. § 922(g)(1).

## COUNT 3
## 18 U.S.C. § 922(g)(1)

On or about March 31, 2025, in Anderson County, in the Eastern District of Kentucky,

**ZEBADIAH MURPHY,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a quantity of ammunition, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 4
## 26 U.S.C. § 5861(c)

On or about March 31, 2025, in Anderson County in the Eastern District of Kentucky,

**ZEBADIAH MURPHY and**
**RONALD COFFMAN,**

knowingly possessed a firearm, namely, a destructive device, made in violation of Chapter 53 of Title 26, all in violation of 26 U.S.C. §§ 5822, 5861(c) and 5871.

## COUNT 5
## 26 U.S.C. § 5861(d)

On or about March 31, 2025, in Anderson County, in the Eastern District of Kentucky,

**ZEBADIAH MURPHY and**
**RONALD COFFMAN,**

knowingly received and possessed a firearm, namely, a destructive device, not registered to him in the National Firearms Registration and Transfer Record, all in violation of Title 26, U.S.C., §§ 5841, 5861(d), and 5871.

## COUNT 6
## 26 U.S.C. § 5861(f)

On or about March 30, 2025, in Anderson County, in the Eastern District of Kentucky,

**ZEBADIAH MURPHY and**
**RONALD COFFMAN,**

knowingly made a firearm, to wit: an improvised explosive device, in violation of 26 U.S.C. § 5845(f), that is, a destructive device, all in violation of 26 U.S.C. §§ 5822, 5861(f), and 5871.

## FORFEITURE ALLEGATIONS
## 28 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

1. By virtue of the commission of the offenses alleged in the Indictment,

**ZEBADIAH MURPHY**, shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation of 18 U.S.C. § 922. Any and all interest that **ZEBADIAH MURPHY** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

2. The property to be forfeited includes, but is not limited to, the following:

**FIREARMS AND AMMUNITION:**

a.) Excam, Model GT27, caliber 25, pistol, bearing serial number M07662;

b.) Marlin, Model 60W, caliber 22 LR, rifle, bearing SN: 10523205;

c.) Del-Ton Inc, Model DTI-15, caliber 5.56, rifle, bearing serial number DTI-S152765;

d.) Mossberg, Model 500A, 12-gauge, Shotgun, bearing SN: K772320; and

e.) Radikal Arms, Model GF25, 12-gauge, shotgun, bearing serial number 23RDM-1617; and

f.) Ammunition.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## **PENALTIES**

**COUNT 1:** Not more than 10 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release.

**COUNTS 2 - 3:** Not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release.

**COUNT 4 - 6:** Not more than 10 years imprisonment, not more than a $10,000 fine, and not more than 3 years supervised release.

**PLUS:** Forfeiture of all listed property.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.