UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:25-CR-12-S-GFVT

UNITED STATES OF AMERICA            PLAINTIFF

V.            **PLEA AGREEMENT**

RONALD COFFMAN            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 3 of the Superseding Indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon; Count 6 of the Superseding Indictment, receipt or possession of a firearm, a destructive device, made in violation of the National Firearms Registration and Transfer Act; and Count 10, making a firearm, an improvised explosive device, made in violation of the National Firearms Registration and Transfer Act. At sentencing, the United States will dismiss Counts 1 and 8 of the Superseding Indictment and the original Indictment.

2. The essential elements of Count 3 of the Superseding Indictment are:

(a) That the Defendant has been convicted of a crime punishable by imprisonment for more than one year;

(b) That the Defendant, following his conviction, knowingly possessed a firearm, a destructive device;

(c) That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(d) That the firearm or parts of the firearm crossed a state line prior to the alleged possession.

3. The essential elements of Count 6 of the Superseding Indictment are:

   (a) That the Defendant knowingly received or possessed a firearm;

   (b) That the firearm was a destructive device; and

   (b) That the firearm was made in violation of the National Firearms Registration and Transfer Act.

4. The essential elements of Count 10 of the Superseding Indictment are:

   (a) That the Defendant knowingly made a firearm;

   (b) That the firearm was an improvised explosive device; and

   (b) That the firearm was made in violation of the National Firearms Registration and Transfer Act.

5. As to the Superseding Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) On March 31, 2025, troopers with the Kentucky State Police conducted a traffic stop on a vehicle in Anderson County, in the Eastern District of Kentucky. The driver of the vehicle was identified as Ronald Coffman, and the passenger was identified as Zebadiah Murphy. During the stop, based upon statements made, the vehicle was searched. During the search a personal bag containing 7 assorted rounds of ammunition was located in the vehicle. Troopers were able to determine that the bag belonged to Murphy. On the rear passenger floorboard of the vehicle, 2 suspected IEDs were located. The writing on one of the devices stated, "FED CASE". During the investigation, troopers learned that the device had been made in Murphy's shop/garage in Lawrenceburg the night prior. KSP requested the assistance of ATF, and a state search warrant was obtained for Murphy's residence.

(b) During a search of the shop/garage, 2 suspected IEDs were located in a

2

freezer and IED making materials were also located. Law enforcement also recovered, along with other items, 5 firearms, 4 suspected silencers, ballistic vests, ammunition, and high-capacity magazines. The suspected explosives were submitted to the ATF laboratory for analysis and were found to be explosives. ATF concluded that the explosive devices contain parts manufactured outside the Commonwealth of Kentucky and traveled through interstate commerce.

(c) ATF determined that the firearms were all manufactured outside the Commonwealth of Kentucky and were identified by ATF as:

1. Excam, Model GT27, caliber 25, pistol, bearing serial number M07662;
2. Marlin, Model 60W, caliber 22 LR, rifle, bearing SN: 10523205;
3. Del-Ton Inc, Model DTI-15, caliber 5.56, rifle, bearing serial number DTI-S152765;
4. Mossberg, Model 500A, 12-gauge, Shotgun, bearing SN: K772320
5. Radikal Arms, Model GF25, 12-gauge, shotgun, bearing serial number 23RDM-1617.

(d) The suspected silencers seized during the execution of the search warrant were submitted to the ATF laboratory for analysis. The 4 submitted suspected silencers were found to be "firearm silencers" or "firearm mufflers" by federal definition and were firearms for purposes of federal law.

(e) The Defendant admits that he received or possessed the destructive devices that had not been registered as required by the federal National Firearms Registration and Transfer Act. The Defendant further admits he participated in the making of the destructive devices.

(f) The Defendant admits that knew he had been convicted of Trafficking Controlled Substance First Degree (>=2 grams Methamphetamine), by final judgment of the Mercer Circuit Court, in 2021, and Trafficking in a Controlled Substance First Degree (< 2 grams of Methamphetamine), by final judgment of the Boyle Circuit Court, in 2021.

7. The statutory punishment for Count 3 of the Superseding Indictment is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. The statutory punishment for Counts 6 and 10 of the Superseding Indictment is imprisonment for not more than 10 years, a fine of not

3

more than $10,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 for each count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

8. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) The Defendant's relevant conduct is determined pursuant to U.S.S.G. § 1B1.3.

    (c) Pursuant to U.S.S.G. § 2K2.1(1), the base offense level for Counts 3, 6, and 10 of the Superseding Indictment for Defendant Coffman is 26 because the offense involved a firearm, namely a destructive device, as described in 26 U.S.C. § 5845(a) and the Defendant Coffman committed the offense subsequent to sustaining at least 2 felony convictions for either a crime of violence or a controlled substance offense.

    (d) Pursuant to U.S.S.G. § 2K2.1(b)(1)(A), the offense level for Counts 3, 6, and 10 of the Superseding Indictment is increased by at least 2 levels because the number of firearms is 3 - 7.

    (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

9. The United States asserts that Pursuant to U.S.S.G. § 2K2.1(b)(3), the offense level for Counts 3, 6, and 10 of the Superseding Indictment is increased by 2 levels because the offense involved a destructive device. The Defendant disagrees and

reserves the right to challenge any application of the 2K2.1(b)(3) enhancement.

10. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

11. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

12. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

13. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he

already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

14. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation and the Defendant's arrest, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

15. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from

the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

16. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

17. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

18. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

19. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

20. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: JAN. 7, 2026
BY: *[signature]*
Cynthia T. Rieker
Assistant United States Attorney

Date: 1/5/2026
*[signature]*
Ronald Coffman
Defendant

Date: 1/6/26
*[signature]*
Phillip Lawson
Attorney for Defendant

8